IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCES ANNA PADILLA,

    Plaintiff,

v.                                                      No. 1:23-cv-0394-DLM

MARTIN O'MALLEY,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Reverse and Remand (Doc. 14), filed September 13, 2023, and on Defendant's Opposed Motion to Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 19), filed December 13, 2023. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. (*See* Doc. 7.)

In Plaintiff's Motion to Remand, she articulates three errors by the Administrative Law Judge (ALJ) that she contends constitute reversible error. (*See* Doc. 14.) Plaintiff argues that the case should be remanded, not for further proceedings, but for the immediate payment of benefits. (*Id.* at 2.) Rather than filing a brief in opposition, the Commissioner concedes that this case should be remanded. (*See* Doc. 19.) He notes his objection, however, to Plaintiff's request for an immediate payment of benefits. (*Id.* at 3.) The Commissioner instead takes the position that further administrative proceedings are necessary on remand. (*Id.* at 2.) Having considered the record, the submissions and arguments of counsel, and the relevant law, the Court finds that an immediate award of Disability Insurance Benefits under Title II of the Social Security Act is warranted for the period from January 15, 2014, to July 26, 2016.

I.   **Background and Procedural Posture**

This is Plaintiff's second appeal to the U.S. District Court on her claims for disability benefits. (*See* AR at 1616; Doc. 1.) In April 2015, over nine years ago, Plaintiff filed her initial application with the Social Security Administration for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (SSA) and an application for Supplemental Security Income under Title XVI. (AR 69–70.) In her initial application, Plaintiff alleged that she became disabled on January 15, 2014, as a result of post-traumatic stress disorder (PTSD), depression, mood swings, and anxiety. (AR 71–72, 84–85, 300, 307.) Plaintiff received an unfavorable decision from ALJ Ann Farris in February 2018, and in November 2018, the Appeals Council remanded her case due to the ALJ's refusal to accept records despite proper notice before the hearing. (AR 159–61.) Plaintiff then received a partially favorable decision from ALJ Farris in May 2019, which she appealed in April 2020. (AR 1616.) In July 2021, United States Magistrate Judge Laura Fashing found the ALJ had improperly picked and chose from the evidence and remanded for rehearing. (AR 1620–39.) In March 2023, ALJ Fellabaum issued an unfavorable decision as to the time period before July 26, 2016. (AR 1450–73.) Plaintiff did not send objections to the Appeals Council and instead filed the matter now before the Court on May 8, 2023. (Doc. 1.)

II.  **Legal Standard**

The Court's review of the Commissioner's final decision is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards to evaluate the evidence. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for

2

reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotation marks, brackets, and citation omitted omitted). Upon determining that reversal is warranted, district courts have discretion to remand either for further administrative proceedings or for an immediate award of benefits. *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993).

### III.    The ALJ's Determination

ALJ Fellabaum reviewed Plaintiff's disability claim pursuant to the five-step sequential evaluation process. (AR at 1450–73.) At step one, the ALJ found that Plaintiff met the Social Security Act's insured status requirements through September 30, 2015, and had not engaged in substantial gainful activity from January 15, 2014, the alleged onset date, through July 25, 2016, the day before she was found disabled. (AR at 1455–56.) At step two, the ALJ found that Plaintiff suffered from the severe impairments of "degenerative disc disease; hip degenerative joint disease; carpal tunnel syndrome; left foot degenerative joint disease and plantar fasciitis; chronic pain syndrome; obesity; depression; anxiety; post-traumatic stress disorder (PTSD); and borderline personality disorder." (AR at 1456.) At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria of listed impairments under Appendix 1 of the SSA's regulations. (AR at 1457–59.)

At step four, the ALJ concluded that for the relevant period, Plaintiff possessed a residual functional capacity (RFC)

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that she could occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; could never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights, hazardous machinery, or concentrated exposure to extreme cold, wetness, humidity, or vibration; could not operate a motor vehicle for commercial purposes; could occasionally use left foot controls; and could frequently finger, handle, and feel bilaterally. Noise level of the work environment would have needed to be moderate or less. She could perform simple, routine tasks, with no fast-paced assembly line work; and could make simple work decisions. The work would have needed to be performed in the same location every day. She could occasionally

interact with co-workers and supervisors, with no team or tandem tasks; and could rarely interact with the general public, defined as less than 10% of the workday.

(AR at 1460.) Based on this RFC, the ALJ determined that Plaintiff was unable to perform any past relevant work. (AR at 1471.)

At step five, however, the ALJ determined that "there were jobs that exist in significant numbers in the national economy that [Plaintiff] could have performed." (AR at 1472 (citing 20 C.F.R. §§ 404.1569, 404.1569a, 416.969, 416.969a).) The ALJ therefore concluded that Plaintiff "was not disabled, as defined in the Social Security Act, from January 15, 2014, the alleged onset date, through July 25, 2016" (AR 1473 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).)

## IV.    Discussion

In her Motion to Remand, Plaintiff contends that the ALJ committed three errors in the March 8, 2023 disability decision: (1) the ALJ failed to perform a function-by-function analysis regarding her limitations in her ability to interact with others; (2) the ALJ erred by improperly weighing the opinion of the treating physician; and (3) the ALJ improperly discounted her subjective allegations of mental health symptoms. (*See* Doc. 14 at 1.) Accordingly, Plaintiff argues that the matter should be remanded for immediate payment of benefits. (*Id.* at 27.) The Commissioner agrees that the case should instead be remanded but argues that the Court should remand for further administrative proceedings to resolve the conflicting evidence in the record and not for an immediate payment of benefits. (Doc. 19 at 5–6.) The Commissioner acknowledges that the Court "has authority under 42 U.S.C. § 405(g) to reverse without remanding for further proceedings (i.e., to order the Commissioner to award benefits)," but suggests that such authority should be exercised only in "limited" or "rare" circumstances that are not present here. (Doc. 19 at 3–4 (citing *INS v. Orland-Ventura*, 537 U.S. 12, 16 (2002) (per curiam)).).

Having examined the parties' arguments and the relevant portions of the administrative

4

record, the Court agrees that reversal is appropriate. The question remains, however, whether the case should be remanded for further proceedings, as the Commissioner contends, or for an immediate award of benefits, as Plaintiff requests.

Plaintiff argues that various factors support an award of immediate benefits in this case. She notes, for instance, that her disability claim has been pending for over eight years. (Doc. 24 at 1.) She emphasizes that this marks the third occasion on which an ALJ has committed harmful error in evaluating her disability claim, with there having been a remand by the Appeals Council in 2018, this Court in 2021, and a voluntary remand currently being offered in 2024. (*Id*. at 2.) Plaintiff further argues that because the alleged onset date is January 15, 2014, it is unlikely any further fact-finding would be beneficial. (*Id.* at 1–2.) Finally, Plaintiff reports that she was determined to be disabled beginning July 26, 2016, following her second hearing before the ALJ. (*Id.* at 2; AR at 13.)

Although it is far from routine, judges in this District have at times exercised discretion to remand Social Security cases for an immediate award of benefits. *See, e.g.*, *Tilla v. Kijakazi*, Civ. No. 22-04 JFR, 2022 WL 16572392, at *13 (D.N.M. Nov. 1, 2022); *Jennifer S. v. Kijakazi*, Civ. No. 20-1021 SCY, 2022 WL 860369, at *12 (D.N.M. Mar. 23, 2022); *Rees v. Kijakazi*, Civ. No. 2:20-0575 KWR/LF, 2021 WL 5416225, at *9 (D.N.M. Nov. 19, 2021); *Mendoza-Martinez v. Kijakazi*, Civ. No. 20-0310 SMV, 2021 WL 5207074, at *9 (D.N.M. Nov. 9, 2021). The Tenth Circuit has offered the following guidance to courts considering this option: courts should consider both "the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose [or] merely delay the receipt of benefits." *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (internal quotation marks, brackets, and citations omitted).

First, with respect to the length of time this case has been pending, the Court observes that Plaintiff's eligibility for benefits during the relevant period remains unresolved after more than eight years, a remand from the Appeals Council, and two appeals to this Court. Additionally, Plaintiff highlights that she met her burden to show disability at the first four steps of the five-step sequential analysis after her second hearing before an ALJ. (*See* Doc. 24 at 2; AR at 13–31.) There is little question that the prolonged nature of this case's procedural history weighs in favor of an immediate award of benefits. After all, the Commissioner "is not entitled to adjudicate a case '*ad infinitum* until [she] correctly applies the proper legal standard and gathers evidence to support [her] conclusion.'" *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F.3d 739, 746 (10th Cir. 1993) (quoting *Thaete v. Shalala*, 826 F. Supp. 1250, 1252 (D. Colo. 1993)); *see also Huffman v. Astrue*, 290 F. App'x 87, 90 (10th Cir. 2008) (remanding for an immediate award of benefits where the ALJ's decision was too vague for meaningful review, the case had previously been remanded, and the matter had been pending for over six years).

Additionally, the Court finds that remanding for additional fact-finding would not serve a useful purpose. For one thing, the Commissioner's history of multiple erroneous dispositions in evaluating Plaintiff's disability claim undermines the Court's confidence that remanding this case yet again will produce a decision supported by substantial evidence and free from legal error. Moreover, as explained by Plaintiff, prior to her third hearing, her counsel was only able to locate two treatment notes that were not duplicative of the evidence already available. (Doc. 24 at 4.)

Further, the Commissioner has not pointed to any yet-to-be submitted evidence that should be considered and weighed by the Commissioner in determining Plaintiff's RFC. Indeed, there is ample medical evidence already available in the 2769-page administrative record, and the Court has no indication that remanding for further fact-finding would somehow lead to additional

6

evidence that would significantly alter the record under consideration. Critically, as Plaintiff highlighted, the Commissioner does not dispute her assessment that the record is complete as to the relevant time period. (*Id.* at 3.)

The Commissioner contends that conflicting opinions regarding Plaintiff's limitations necessitate further proceedings on remand. (Docs. 19 at 6 (citing *Winick v. Colvin*, 674 F. App'x 816, 823 (10th Cir. 2017)).) He notes, for example, that although Plaintiff reported difficulty in getting along with others, objective findings on mental status examinations were mixed. (*Id.* at 8 (citing AR at 61, 380–81, 644, 1874–75).) The Commissioner also notes that there is conflicting opinion evidence regarding whether Plaintiff has fibromyalgia and whether the evidence supports it as a medically determinable impairment. (*Id.* at 8 (citing AR at 105–06, 108–113, 639, 822–23, 1457).)

The Commissioner suggests that the conflicting evidence as to Plaintiff's mental and physical impairments warrant remand because further proceedings could result in a finding that Plaintiff was not disabled during the relevant period. (*Id.* at 9–10; Doc. 25 at 2–4.) However, the Commissioner offers no authority to suggest that an immediate award of benefits is precluded by a record that does not *wholly* support a favorable disability determination. Conversely, Plaintiff cites to a decision by United States Magistrate Judge Stephan M. Vidmar to support the opposite conclusion in which Judge Vidmar reasoned as follows: "The standard asks when additional fact-finding would serve no useful purpose. Full stop. There is no requirement that the 'record fully support [ ] that the Plaintiff is disabled as a matter of law.'" (Doc. 24 at 2 (quoting *Mendoza-Martinez*, 2021 WL 5207074, at *9).)

The Court is satisfied that district courts enjoy more discretion than the Commissioner's argument suggests. *See Ragland*, 992 F.2d at 1060. The existence of some findings and opinion

evidence that are not entirely consistent does not necessitate further proceedings on remand. As Plaintiff puts it, her "case has been pending over eight years . . . [and] the protracted nature of this case from erroneous dispositions prevents a retrospective analysis . . . ." (Doc. 24 at 3.) Further, as the Court highlighted above, Plaintiff argues that the Commissioner "is not entitled to adjudicate a case ad infinitum until he correctly applies the proper legal standard and gathers evidence to support his conclusion . . . ." (*Id.* at 3 (quoting *Sisco*, 10 F.3d at 746).) The Court considers Plaintiff's position persuasive and identifies no useful purpose for further proceedings on remand.

**V.      Conclusion**

The age of this case, the three ALJ reviews of Plaintiff's case, the closed relevant period, the allegations of error for which both parties agree a second remand is necessary, and the voluminous administrative record all militate against remanding for further fact-finding. The Court is satisfied that an immediate award of benefits is appropriate, and it declines to remand to give the Commissioner a fourth opportunity to meet his burden.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Reverse and Remand (Doc. 14) is **GRANTED** and this matter is remanded to the agency for the immediate award of benefits for the period from January 15, 2014, to July 26, 2016, and Defendant's Opposed Motion to Remand for Further Proceedings Pursuant to Sentence Four of 42 U.S.C. § 405(g) (Doc. 19) is **DENIED** to the extent the Commissioner sought an order requiring further proceedings.

**IT IS SO ORDERED**.

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE